O. B. Kee v. C. J. Ewing, Hattie Ewing and Union Trust Company.

(Filed September 6, 1906.)

MORTGAGE—Acknowledgment—Recording—Notice. A note and mortgage executed and delivered to A, which mortgage is acknowledged by the parties executing the same before B, a notary public, and there is nothing upon the race of the instrument which discloses any interest therein by any third person: Held: That such mortgage is entitled to record by the register of deeds notwithstanding the fact that A is president and B cashier and stockholder of the same bank at that time; And Held further that such record operates as notice.

(Syllabus by the Court.)

*Error from the District Court of Custer County; before C. F. Irwin, Trial Judge.*

*George T. Webster* and *Ione Webster,* for plaintiff in error.

*Flynn & Ames,* for defendants in error.

STATEMENT OF FACTS.

On July 5th, 1901, C. J. Ewing and Hattie Ewing, his wife, executed and delivered to the Union Trust Company, one of the defendants in error, a real estate mortgage covering certain property in block 34 in the city of Weather-

ford, Custer county, O. T., which mortgage was filed in the office of the register of deeds of said county on the 24th day of March, 1902.

On November 27, 1901, defendants, Ewing and wife, executed and delivered to the plaintiff, O. B. Kee, their note, secured by a mortgage upon the same premises covered by the mortgage to the Union Trust Company, and this mortgage was filed and recorded in the register of deeds' office in said county on November 28, 1901. And on the same day they executed and delivered to one Sam Wells their note for $460.00. This note was thereafter and before maturity assigned to plaintiff, and on the 10th day of March, 1902, Ewing and his wife executed and delivered a deed to the premises covered by the two mortgages above mentioned, which deed was filed for record on the 8th day of April, 1902. Both of these instruments running to Kee, to-wit: The mortgage recorded November 28, 1901, and the deed recorded April 8, 1902, were acknowledged before one O. H. Cafky, a notary public, who it is admitted, was at the time the cashier of the National Exchange Bank, and a shareholder therein.

Neither Kee nor the National Exchange Bank had any notice or knowledge of the mortgage to the Union Trust Company until the same was placed on record.

This action was commenced by O. B. Kee, on the 26th of June, 1902, to foreclose the mortgage and deed treated as a mortgage given by Ewing and wife to him and making the Union Trust Company a party defendant. Neither Ewing nor his wife appeared in the case, but the Union Trust Company answered, and filed a cross-petition setting up their

mortgage, and asking to have it declared a *first* lien on the premises.

It is admitted that at the time of executing these various mortgages Ewing and wife were the owners of the premises described therein.

The cause was tried before a referee, who, after making substantially the foregoing finding of facts, as a conclusion of law held that the plaintiff, Kee, had a first and second lien upon the premises by virtue of his mortgage and deed, and the defendant, Union Trust Company, a *third* lien by virtue of its mortgage.

On exceptions and objection to the referee's report and confirmation of the same, the court below held the mortgage and deed of Kee to be improperly of record, because of the financial interest of the notary public who took the acknowledgments to the same, and therefore held the Union Trust Company entitled to the first lien and Kee a second and third lien on the premises involved.

Plaintiff, Kee, filed his motion for a new trial, which being by the court overruled, judgment was entered for the respective parties as above indicated, and from such judgment the cause comes to this court by case made.

Opinion of the court by

GILLETTE, J.:  The only question presented by the brief of plaintiff in error is a question arising under the following assingment of error:

"The court erred in finding that the mortgage of the Union Trust Company was a first lien, and that Kee had a second and third lien on said property."

The facts were found by a referee, from whose finding of facts it appears that the Union Trust Company had a mortgage upon the lands involved, given June 5, 1901, and recorded March 24, 1902, executed by one Ewing and. wife. On November 27, 1901, Ewing and wife executed a mortgage to the plaintiff in error, O. B. Kee, which was recorded the following day, November 28, 1901.

On March 10, 1902, the plaintiff in error purchased another note of Ewing, which was secured by a deed of Ewing and wife, on the same property and recorded April 8, 1902.

At the time of the execution and acknowledgment of the two last named instruments the plaintiff in error was president of the National Exchange Bank of Weatherford, O. T., and the notary taking the acknowledgment of Ewing and wife to each of said instruments was O. H. Cafky, who was at that time cashier of and a stockholder in said bank.

The National Exchange Bank of Weatherford is shown by the record and findings to be interested in the mortgage and deed taken in the name of the plaintiff in error.

The findings of the trial court that the mortgage of the Union Trust Company was a first lien, although recorded subsequent to the recording of the mortgage taken in the name of the plaintiff in error was based upon the fact that such mortgage and deed was acknowledged before O. H. Cafky, an interested person.

It is argued by the plaintiff in error, that under the provisions of section 888, Wils. Statute, which provides: "Except as herein provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage,

or contract relating to real estate as between the parties thereto; but no deed, mortgage, contract, bond, lease, or other instrument relating to real estate, other than a lease for a period not exceeding one year and accompanied by actual possession, shall be valid as against third persons unless acknowledged and recorded as herein provided; except, actual notice to such third persons shall be equivalent to due acknowledgment and recording," that the *laches* of the Union Trust Company in not recording its mortgage left the record free and clear when Kee took his mortgage, and in so doing relied upon the record.

That in such transaction, he, Kee, was the third person referred to in the statute above quoted. That therefore he had parted with his money to Ewing relying upon a clear record, which was clear only because of the *laches* of the Union Trust Company, and urges as the law of this proposition that when one of two innocent persons must suffer because of the fraud of another, it shall be the one who placed it within the power of such other to do the wrong.

This argument can have no application to the debt of Kee secured by the deed, as the note to secure which the deed was given was made in November, 1901, for an obligation due to one Wells, who thereafter sold the same to plaintiff in error, and afterwards on the 10th day of March, 1902, Ewing gave a quit claim deed to secure the payment thereof, to the property in question.

As this deed was not recorded by Kee for nearly a month after its execution, and fifteen days after the recording of the trust company's mortgage, it was at the time of bring-

ing this suit clearly an inferior lien to that of the trust company's mortgage.

The obligation of Ewing to Wells was not executed upon the faith of a clear title to the real estate of Ewing, hence the rule invoked by the plaintiff in error could not be relied upon, if at all, to protect the transaction.

At the time the trust company's mortgage was recorded, Kee, so far as the deed was concerned, and the trust company, were both guilty of *laches* in the recording of their securities. The trust company's mortgage was recorded first and it clearly thereafter took precedence as a conveyance.

With reference to the mortgage of the plaintiff in error to the land in question we have had much more trouble to reach a conclusion.

It was taken as a security for a direct obligation from Ewing and wife to Kee upon the property in question when the record was silent as to the obligation from Ewing to the trust company, and there are equities in favor of its enforcement in preference to the mortgage of the trust company for this reason.

The mortgage of the plaintiff in error was recorded on the 28th of November, the day following its execution and delivery, and four months prior to the recording of the mortgage to the Union Trust Company, which clearly gave it precedence if the same was entitled to record at that time. It is urged, however, by the defendant in error that it was not entitled to record, and did not, because of being recorded, acquire a superior right of enforcement over the mortgage of defendant in error, because of the fact that the National

Bank of Weatherford had some interest therein, and O. H. Cafky, cashier of said bank, and stockholder therein, took the acknowledgment of Ewing and wife to its execution.

Our statute requires the due acknowledgment of the execution of a written instrument affecting real estate before the same is entitled to record and may be properly recorded, and it is clear under the authorities that a person cannot acknowledge the execution of an instrument of this kind made to himself, and we think they are equally clear that an officer of a bank who is a stockholder therein may not take an acknowledgment of such an instrument made to secure a debt made payable to the bank, and if so taken and acknowledged the instrument would not be entitled to record, and such record if made would not give to it the force and effect of a recorded instrument.

But that is not this case. The note and mortgage was made to the plaintiff in error, O. B. Kee, and this action was brought by Kee to enforce the same. There is nothing on the face of the mortgage to indicate either that the bank had any interest in the mortgage, or that Cafky had any interest in the bank, or in the debt secured by the mortgage. The instrument was fair upon its face, and as such was entitled to record when presented to the register of deeds for that purpose.

It was found by the referee that the National Exchange Bank of Weatherford was interested in this note and mortgage, which finding is justified from the evidence, but the nature and extent of its interest is not found by the referee, nor does the evidence disclose the same. May the validity of this mortgage as against the interests of the Union Trust

Company be impeached because the National Exchange Bank was interested in it, and O. H. Cafky, its cashier, and one of its stockholders, took the acknowledgment of Ewing and wife to the execution of the same?

We are unable to find any case that goes to this extent. It would seem that the interest of the Exchange Bank in the note and mortgage, *i. e.*, what interest it had in it, should be disclosed before attempting to determine O. H. Cafky's power to take the acknowledgment of its execution. But the more serious question presented is its *status* after record, being fair on its face and the property of O. B. Kee.

There are many authorities which go to the extent of holding that if the note was the property of the bank, and for convenience was taken in the name of O. B. Kee, Cafky's interest would be such as to have disqualified him from taking the acknowledgment, and the record of the instrument for this reason void, and this we think is the weight of the authorities.

There are, however, many well reasoned authorities the other way, notably the supreme court of the state of Missouri, which court in *Stevens v. Hampton,* 46 Missouri, 408, says:

"When a recorded instrument shows on its face that the acknowledgment was taken by a party in interest, it is improperly recorded, and is not constructive notice; but when it is fair upon its face it is the duty of the register to receive and record it, and its record operates as notice notwithstanding there may be some hidden defect."

The rule here laid down has special force in this territory at this time, because of the determination of this court in *Watts v. First National Bank,* 8 Okla. 645, in which

this court declares the Missouri rule laid down in *Stevens v. Hampton, supra,* to be the just, reasonable and correct rule in this class of cases; and when the same is applied to the facts in this case, it leaves no question but that the plaintiff in error, Kee, under his mortgage of November 27, 1901, had a first lien upon the premises involved, to the extent of such mortgage.

It follows that the judgment of the court below should be reversed, and the plaintiff in error under his mortgage of November 27, 1901, held to have a first lien on the premises involved, and the defendant in error, Union Trust Company, should be held to have a second interest lien thereon, equal to its mortgage interest under its mortgage of July, 5, 1901, and that the plaintiff in error have a third interest in the premises to the extent of the obligation secured by the deed of Ewing and wife to plaintiff, of March 10, 1902. That said cause be reversed and remanded to the court below for the purpose of judgment in accordance with this opinior.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.