## LANKFORD, State Bank Com'r, v. FIRST NATIONAL BANK OF LAWTON.

No. 7997—Opinion Filed July 15, 1919.

(Syllabus by the Court.)

1. **Chattel Mortgages — Acknowledgment— Necessity.**

A chattel mortgage is valid between the parties without being acknowledged or witnessed.

## 2. Same.

A compliance with the conditions prescribed in section 4036, Rev. Laws 1910, wherein it provides. "Such signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds, or it may be signed and validated by the signature of two persons not interested therein," is only required in order that said mortgage may be entitled to be filed in the office of the register of deeds of the proper county. and operate as constructive notice to creditors and subsequent purchasers and incumbrancers who have no actual notice of said mortgage.

## 3. Same—Attestation—"Signed and Validated."

The words "signed and validated," as used in section 4036, Rev. Laws 1910. refer to the attestation of a chattel mortgage, and being essential only as a requisite required in order that a chattel mortgage may be entitled to be filed for record.

## 4. Same—Attestation—Validity.

A chattel mortgage is valid as between the parties without being attested in any manner. For the purposes of record, it must be attested either by acknowledgment or witnessed by two disinterested witnesses; but where it does not appear from the face of the instrument that the officer taking the acknowledgment, or the subscribing witnesses, are legally disqualified by reason of their interest in the estate or property mortgaged, the instrument may properly be received for record, and such recording will be constructive notice to subsequent creditors and mortgagees.

## 5. Same—Disqualification of Witness—Validity of Record.

Where a chattel mortgage has been filed for record in the office of register of deeds of the proper county, and the acknowledgment is regular upon the face of the instrument, or the same is attested before two witnesses, and the attestation of the same is regular upon the face of the instrument, but there is a latent defect in the instrument by reason of the subscribing witnesses being disqualified or the person taking the acknowledgment being disqualified. by reason of their being interested in the estate or property mortgaged. but said fact does not appear upon the face of the instrument. the filing of said instrument of record is voidable. and not void.

Sharp, J., dissenting.

Error from District Court, Comanche County: Cham Jones, Judge.

Replevin by the First National Bank of Lawton, Okla., against J. D. Lankford, Bank Commissioner of the State of Oklahoma. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

S. P. Freeling, Atty. Gen., J. I. Howard, Asst. Atty. Gen., and Chas. C. Black, for plaintiff in error.

Johnson & Stevens, for defendant in error.

McNEILL, J. On the 4th day of January, 1913, one Garrett executed a chattel mortgage on certain personal property located in Comanche county to the Bank of Lawton to secure an indebtedness to the bank. The mortgage was not acknowledged, but was witnessed by two witnesses, to wit, Frank T. Blair and M. A. Wert. Thereafter, on April 25 and 28, 1913, respectively, Garrett executed two chattel mortgages to the First National Bank of Lawton on a black horse named Dick, which horse was included in the mortgage to the Bank of Lawton. The note due the Bank of Lawton was not paid, and one McCalmant, acting as the agent of the Bank of Lawton, took this horse under the mortgage, whereupon the First National Bank instituted a replevin action to recover possession of said horse by virtue of its mortgage. Thereafter the affairs of the Bank of Lawton passed into the hands and control of the Bank Commissioner of the state, and the latter was substituted as a party defendant in the proceedings. The case was tried on an agreed statement of facts.

The only question involved, was the effect to be given to the purported mortgage executed to the Bank of Lawton. It was stipulated and agreed that the two witnesses to the mortgage executed to the Bank of Lawton were both stockholders, and one of them also a director, in the bank at the time of witnessing the mortgage. It was agreed that, at the time the First National Bank took its mortgage, it did not examine the records in the office of the register of deeds and did not have actual knowledge of the mortgage to the Bank of Lawton. The mortgage of the Bank of Lawton was filed for record on the 6th day of January, 1913, in the office of the register of deeds.

It will be first necessary to determine whether this is a valid mortgage. Does the fact that the same is witnessed by two interested persons make it void? Section 4036, Rev. Laws 1910, is as follows:

"A mortgage of personal property must be signed by the mortgagor. Such signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds, or it may be signed and validated by the signature of two persons not interested therein. Mortgages signed in the presence of two witnesses or acknowledged before an officer, as herein provided, shall be duly admitted of record."

It is the interpretation of this statute

that is decisive of the issues in the case at bar. The defendant in error contends that the portion of the statute wherein it provides "that the same may be signed and validated by the signature of two persons not interested therein" refers to the execution of the instrument, and the execution is not complete nor the instrument valid until signed and subscribed by two persons as witnesses not interested therein. It will be noticed that the first portion of the section refers to how a chattel mortgage may be executed, and the second portion refers to the attestation. The second sentence therein is: "Such signature may either be attested by," etc. It then provides that the same may be by acknowledgment or signed and validated by the signature of two persons not interested therein. The word "either" means one of two ways, as defined in the case of Aldrich v. Bay State Const. Co., 186 Mass. 489, 72 N. E. 53, wherein the court said:

"In the use of the word 'either' one or the other of two is meant. 'Common definitions of the word are 'one or two'; 'the one or the other.' But the word, when used in a connection which implies a choice of action on the part of the person using it, indicates that the option is in the person who is to do the act involving the choice."

It must be apparent that the Legislature when it used the language "may either be attested," and then provided two methods for the attestation, was referring to the attestation of the instrument, and provided that the same might be attested in two ways: First, the attestation would be valid if the instrument was acknowledged before a person who is authorized to take acknowledgments of deeds; second, the attestation was valid when the instrument was signed and validated by the signature of two persons not interested. The words "signed and validated," as used in said sentence, must refer to the sentence which it is a portion of, and refers to the attestation of the instrument, and not the execution thereof. In construing and interpreting statutes, one of the cardinal rules is to look to the origin of the statutes and the different acts of the Legislature to find the intent of the lawmakers. If we look to the origin of the statute relating to chattel mortgages in Oklahoma, we find the statutes of 1893 have two sections which we think are material in determining the intent of the Legislature in the instant case. Section 3263, Statutes of 1893, provides:

"A mortgage of personal property may be made in substantially the following form."

The form of the mortgage is then set out, but no mention is made of witnesses, nor are blanks left indicating that any are required,

nor does it make provision for the same being acknowledged. This section of the statute has been carried forward into the different statutes of Oklahoma, and is now section 4025, Rev. Laws 1910. At no time has the Legislature ever attempted to change this form or amend the section, but have seen fit to readopt it and permit it to stand in its original form. This section of the statute is substantially the same as the statute of South Dakota wherein, in dealing with chattel mortgages, was provided a form for chattel mortgage.

If we look to the statute of 1893, among the sections provided for the filing of chattel mortgages, and the effect to be given them when filed as constructive notice, we find section 3275 of the Statutes of 1893, which is as follows:

"A mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witnesses thereto, and no further proof or acknowledgment is required to admit it to be filed."

This section was copied exactly from the statutes of South Dakota, and being section 4384 of the Comp. Laws of Dakota (1887). In construing said statute, the Supreme Court of South Dakota, in the case of Walter A. Wood Mowing & Reaping Mach. Co. v. Lee, 4 S. D. 495, 57 N. W. 238, stated as follows:

"A mortgage of personal property is valid as between the parties thereto, and as to subsequent purchasers and incumbrancers having actual notice of such mortgage, though it may not be attested by any subscribing witness."

"A compliance with the conditions prescribed in section 4384, Comp. Laws, that 'a mortgage of personal property must be signed in the presence of two persons who must sign the same as witnesses thereto,' is only required in order that such mortgage may be entitled to be filed in the office of register of deeds of the proper county, and operate as constructive notice to creditors, subsequent purchasers, and incumbrancers who have no actual notice of such mortgage."

And while section 3275 of the Statutes of 1893 was still in force and effect in Oklahoma Territory, and was carried forward into Wilson's Ann. Statutes of 1903, the territorial Supreme Court of Oklahoma, in construing that section, held that a mortgage not attested by two witnesses was valid as between the parties, and that the witnesses to the same were only an essential requisite that the mortgage might be entitled to be filed for record, and be constructive notice to subsequent purchasers and incumbrancers. Strahorn Hutton-Evans Comm. Co. v. Florer

& Bannerman, 7 Okla. 499, 54 Pac. 710; Hess v. Trigg, 8 Okla. 286, 57 Pac. 159. Before this section was amended, the territorial Supreme Court held that a person interested in a chattel mortgage was not disqualified from being attesting witness to the mortgage. Farmers' State Bank v. Spencer, 12 Okla. 597, 73 Pac. 297. After this construction had been placed upon this section of the statute both by the Supreme Court of South Dakota and by the territorial Supreme Court of Oklahoma, the Legislature of 1907-8 proceeded to amend section 3275 of the Laws of 1893, but made no attempt whatever to amend section 3263 of the Laws of 1893, which gave the form of the mortgage; but the Legislature referred to the fact that it was amending section 3275 of the Laws of 1893, and, as amended, we now have section 4036 in its present form, so it could not be said that the Legislature was attempting to amend the form of mortgage, or to provide that the same was invalid unless acknowledged or subscribed by two disinterested witnesses, but it was amending only that portion of the section of the statute which refers to the attestation of the instrument that was an essential requisite only for the purpose of being entitled to be filed for record.

It was, no doubt, the intention of the Legislature to remedy the evil they thought existed by reason of a person interested in a chattel mortgage being a subscribing witness to the same, and in doing so it provided that the witnesses must be disinterested. It appears that this is the first time this identical question has been presented to this court, although this court has, in the cases of Gibson v. Linthicum, 50 Okla. 181, 150 Pac. 908, Dabney v. Hathaway, 51 Okla. 658, 152 Pac. 77, and Merchants' Nat. Bank of Sallisaw v. Frazier, 60 Okla. 156, 159 Pac. 647, held that a mortgage not witnessed was valid as between the parties. In the case of Blevins v. Graham. decided May 13, 1919, 72 Oklahoma, 182 Pac. 247, this court held that a chattel mortgage not witnessed or acknowledged was valid as between the parties, and if a subsequent purchaser or incumbrancer had actual notice, that he would take subject to the prior mortgage; but from a reading of this opinion it does not appear that this question was argued or presented to the court, nor did the court in these opinions attempt to interpret this section of the statute.

By giving to this statute its fair interpretation and considering the words "signed and validated" in connection with the sentence of which they are a part. which provides that the attestation may either be by acknowledgment or by the signature of two witnesses, the same must be construed

to refer to the attestation of the instrument, and not to the execution of the same. Also, looking to the former statutes and to ascertain the intent of the Legislature as to the evils and mischiefs it desired to remedy, it must be said that the evil it was attempting to remedy was not one relating to the execution of the mortgage, but the Legislature only changed the requisites to entitle chattel mortgages to be filed for record. After reaching said conclusion it follows that the chattel mortgage in the instant case was a valid and subsisting mortgage as between the parties.

The question then arises: The mortgage being attested by two persons who were interested therein, but said fact not appearing upon the face of the mortgage. was the same entitled to be recorded, it being admitted that the witnesses were stockholders and one a director in the bank?

There are two different rules laid down in 1 Corpus Juris, pp. 772 and 773:

First. "Where the statute requires an instrument to be acknowledged or proved before it is entitled to registration, the record of an instrument which appears on its face to have been defectively acknowledged or proved will not impart constructive notice to subsequent creditors and purchasers in good faith."

Second. "According to the weight of authority, where an instrument bearing a certificate of acknowledgment or proof which is regular on its face is presented to the recording officer, it becomes his duty to record it, and the record thereof will operate as constructive notice, notwithstanding there be a hidden or latent defect in the acknowledgment; but there are authorities in which a contrary view has been asserted."

The case at bar, under the agreed statement of facts, comes within the second classification. The Supreme Court of this state, in the case of Ardmore Nat. Bank v. Briggs Machinery & Supply Co., 20 Okla. 427, 94 Pac. 533, 23 L. R. A. (N. S.) 1074, 129 Am. St. Rep. 747, 16 Ann. Cas. 133, speaking through Justice Kane, stated as follows:

"The acknowledgment of a deed of trust executed by a corporation grantor to secure payment of certain promissory notes is a ministerial act. Where such an instrument is acknowledged before a notary public, who was at the time a director and treasurer of the grantor corporation, and also indebted for unpaid subscriptions to its stock, which facts were known to the grantor, but there was nothing on the face of the instrument or acknowledgment indicating such relationship. the deed of trust was entitled to registration, and the registry thereof was notice to subsequent purchasers, incumbrancers, or lienors."

While the above case arose and was governed by the laws of Indian Territory, still the principle involved is the same, and as laid down by Corpus Juris, to wit:

"Where the attestation of the instrument is regular on its face, and the same is presented to the recording officer, it becomes his duty to file the same, and the record thereof operates as constructive notice."

Other leading cases in support of this position are: Fair et al. v. Citizens' State Bank of Sterling, 70 Kan. 612, 79 Pac. 144, 67 L. R. A. 851; Blanton v. Bostic, 126 N. C. 418, 35 S. E. 1035; Boswell v. First Nat. Bank of Laramie, 16 Wyo. 161, 92 Pac. 624, 93 Pac. 661; Bank of Benson v. Hove, 45 Minn. 40, 47 N. W. 449. The cases supporting this theory and those to the contrary are all grouped in the notes to 1 Corpus Juris, 773.

The courts that are in accord with the Supreme Court of Oklahoma have adopted the rule that, where an instrument has been acknowledged or attested, which acknowledgment or attestation is regular upon its face, but the officer who takes the acknowledgment or witnesses who attest the same are disqualified by reason of their interest therein, but said fact does not appear upon the face of the instrument, the recording or filing of the instrument for record is voidable, and not void, and the same imparts constructive notice to every one until the recording of the same is canceled or set aside; and the same will support an action by the mortgagor therein to have the same canceled of record by reason of the interest of the witnesses, or the person who has taken the acknowledgment, but until the same is canceled or proceedings brought to cancel the same it is of the same binding force and effect as if said defect did not exist, and is constructive notice to all subsequent purchasers or incumbrancers. The courts holding to the contrary hold that the recording of said instrument, although regular on its face, is void, and is not notice.

The decisions of our court being in accord with the weight of authorities of the different states, we see no reason why the same should be disturbed at this time or our former opinion not followed. It therefore follows:

First. That the chattel mortgage of the Bank of Lawton was valid as between the parties.

Second. From the fact that the same was witnessed by two persons who were interested in the subject-matter, but such disqualification did not appear upon the face of the instrument, the same was entitled to be recorded.

Third. The same, having been recorded, was constructive notice to subsequent purchasers and mortgagees.

Fourth. That the disqualification of the witnesses made the recording of the instrument voidable, and not void, and the same is constructive notice until set aside by proper proceeding for that purpose.

For the reasons above stated, the judgment of the district court is reversed and remanded, with directions to restore the property to the Bank of Lawton, and, in case the same cannot be restored, to render judgment for the value of the property, which was agreed to be $100.

RAINEY, KANE, HARRISON, PITCHFORD, and HIGGINS, JJ., concur.

SHARP, J. (dissenting). On the 4th day of January, 1913, one Garrett attempted to execute to the Bank of Lawton a chattel mortgage on certain personal property located in Comanche county to secure an indebtedness owing by him to the bank. The mortgage was not acknowledged before any officer authorized to take acknowledgments of deeds, but was witnessed by two witnesses, Frank T. Blair and M. A. Wert. On April 25 and 28, 1913, respectively, Garrett executed to the First National Bank of Lawton two chattel mortgages on a portion of the property included in the Bank of Lawton mortgage. These mortgages were also witnessed by two witnesses. The note due the Bank of Lawton not being paid, one McCalmant, acting as its agent, took possession of the mortgaged property, whereupon the First National Bank instituted a replevin action to recover the possession of the property covered by its mortgage. Thereafter, the property and the affairs of the Bank of Lawton having passed into the hands and control of the bank commissioner, the latter was substituted as a party defendant in the replevin proceedings. The case was tried on an agreed statement of facts; the only question involved being that of the effect to be given the first mortgage. It was stipulated and agreed that Blair, one of the witnesses to the Bank of Lawton mortgage, was a stockholder in said bank, while the other witness, Wert, was a stockholder and director therein, and that at the time the First National Bank took its mortgage it did not examine the records in the office of the register of deeds, and, we may fairly assume, had no actual knowledge of the prior mortgage. The Bank of Lawton mortgage was filed for record on the 6th day of January, 1913, in the office of the register of deeds of Comanche county, and did not disclose upon its face the interest of the witnesses thereto. Such being

the case, it is insisted that the mortgage, being regular on its face, imparted constructive notice thereof to all subsequent purchasers and incumbrancers, including the First National Bank, whose mortgages are admittedly subsequent in point of time.

The statute regulating the manner of the execution of mortgages of personal property originally required that the mortgage must be signed by the mortgagor in the presence of two persons, who should sign the same as witnesses thereto, and that when so executed and attested no further proof or acknowledgment was required to admit such mortgage to be filed in the office of the register of deeds. Section 3547, Stat. 1890; section 3275. Stat. 1893; section 3583, Rev. & Ann. Stat. 1903. On May 22, 1908 (Laws 1907-8, c. 57), section 23 of chapter 51 of the Statutes of 1893 (section 3275), was amended to read as follows:

"A mortgage of personal property must be signed by the mortgagor. Such signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds, or it may be signed and validated by the signature of two persons not interested therein. Mortgages signed in the presence of two witnesses or acknowledged before an officer, as herein provided, shall be duly admitted of record." Section 4427, Comp. Laws 1909; section 4036, Rev. Laws 1910.

Ordinarily the offices of an acknowledgment are merely to entitle the instrument to registration, to give it effect after its deposit for record or registration, as constructive notice to persons without actual notice and to authorize its admission in evidence without any other proof of its execution being necessary at the time of its introduction. And, in the absence of a statute making the acknowledgment essential to the validity of the instrument, it is very generally held that the acknowledgment is no part of the contract between the parties, and that an acknowledged instrument is valid and effective as between the parties. 1 Corpus Juris, 747. But it is equally true that it is within the power of the Legislature to prescribe acknowledgment or proof as an essential prerequisite to the validity of a deed or other instrument, and where this is required it has been held that the instrument does not acquire any effective force until it has been acknowledged. Does the statute requiring that a mortgage of personal property be signed and validated by the signature of two persons not interested therein make the execution and attestation an essential prerequisite to the validity of such mortgage, or is the purpose only to affect the right of the mortgage to registration and to

authorize its admission in evidence without further proof of its execution? The language, it will be noted, is out of the ordinary. It requires that it be "signed and validated" by the signatures of two disinterested persons. To validate means "to render valid; to give legal force; to confirm." Webster's Int. Dict. Until the mortgage was both signed and attested in the manner prescribed by the statute it was not, therefore, valid. The statute requires, not that the mortgage be signed in the presence of one witness, but in the presence of two witnesses. Furthermore, it is not sufficient that the mortgage be signed in the presence of two witnesses, but two witnesses not interested in the mortgage. It is when these combined requirements are met that the statute makes the mortgage valid, when not acknowledged before some person authorized to take acknowledgments of deeds. It was to meet the evil of permitting interested parties to act as witnesses to chattel mortgages in which they were substantially interested that the present statute was enacted. Bank of Ames v. Lehr, 37 Okla. 1, 130 Pac. 288. The old statute by its terms, and by decisions of the court, did not disqualify those interested in the mortgage from acting as witnesses thereto. Watts v. First National Bank, 8 Okla. 645, 58 Pac. 782; Farmers' State Bank v. Spencer, 12 Okla. 597, 73 Pac. 297; Kee v. Ewing, 17 Okla. 410, 87 Pac. 297; Bank of Ames v. Lehr, 37 Okla. 1, 130 Pac. 288. With this situation in mind, the Legislature enacted the present statute requiring, in effect, that where the mortgage is not acknowledged before an officer authorized to take acknowledgments, but before two witnesses, in order to make valid the execution thereof, it should be signed in the presence of two disinterested witnesses. These views find abundant support among the reported cases. In Clark v. Graham, 6 Wheat. 577, 5 L. Ed. 334, the deed in question was executed in the presence of one witness only, whereas the law of Ohio required all deeds for land to be executed in the presence of two witnesses, and it was held to be perfectly clear that no title to land could be acquired or possessed, unless according to the laws of the state in which the land was situate; that, although there were no negative words in the statute pertaining to the execution of deeds declaring deeds for the conveyance of land executed in any other manner to be void, yet this must be necessarily inferred in the absence of all words indicating a different legislative intent. The deed was held to be void. In Lewis et ux. v. Herrera, 10 Ariz. 74, 85 Pac. 245, Revised Statutes of the Territory of Arizona of 1901, sec. 725, provided that every deed of conveyance of real estate must be

signed by the grantor, be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration. It was held in an action involving the transfer from a husband to a wife that, as the deed had not been executed in the manner prescribed by law, it was insufficient to effect a conveyance of real estate. The case was appealed to the Supreme Court of the United States, where the judgment of the Arizona court was affirmed (Lewis v. Herrera, 208 U. S. 309, 28 Sup. Ct. 412, 52 L. Ed. 506), the second paragraph of the syllabus reading:

"Acknowledgment by the grantor before a proper officer is made as much a prerequisite to the validity of a deed as the signing, by Ariz. Rev. Stat. 1901, sec. 725, providing that 'every deed or conveyance of real estate must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration.'"

In Forrester v. Reliable Transfer Co., 59 Wash. 86, 109 Pac. 312, Ann. Cas. 1912A, 1093, it appeared from the certificate of the officer that it was acknowledged only by the lessee. The statute prescribing the duty of the officer taking the acknowledgment did not appear to differ materially from the usual statutes governing the duties of such officers. An attempt was made to prove acknowledgment of its execution by the lessor by parol evidence or evidence other than of a certificate of legally authorized officer. The court said in rejecting the offer:

"It is to be remembered that the statutory requirement as to acknowledgment is a requirement affecting the validity of the lease, and is not a mere prerequisite entitling it to public record, as in many states is the only office or purpose of an acknowledgment."

In Hendon v. White, 52 Ala. 597, in a scholarly and well-considered opinion by Mr. Chief Justice Brickell, it was held that under the provisions of the Revised Code of that state no conveyance was entitled to pass title to real estate, unless attested by one, and, where the grantor could not write, by two witnesses, or acknowledged before a proper officer. The opinion reviews a number of early decisions, including Clark v. Graham, supra. The rule announced has been frequently followed by the Supreme Court of Ohio. Indeed, it appears to be the settled rule of decision of that state. Richardson v. Bates, 8 Ohio St. 257; Smith's Lessee v. Hunt. 13 Ohio, 260, 42 Am. Dec. 201; Hout v. Hout, 20 Ohio St. 119.

Holding, as we do, that the statute provides an essential prerequisite to the validity of a mortgage of personal property, and that the attesting witnesses must not be interested in the mortgage, we conclude that the mortgage given the Bank of Lawton was ineffectual unless it be that the interest of the witnesses be not such as would disqualify them under the statute. Prior to the enactment of the statute pursuant to which the mortgage in question was executed there was no statutory qualification respecting attesting witnesses to a mortgage of personal property. This fact was noted in Watts v. First National Bank, supra, and Farmers' State Bank v. Spencer, supra. In the former case the attesting witnesses were the president and cashier, respectively, of the bank to which the mortgage was given, and it was observed in the opinion that the court would not conclude therefrom that they were stockholders or that they had any financial interest in the bank, in the absence of proof. In Farmers' State Bank v. Spencer one of the attesting witnesses was a stockholder in the mortgagee bank. The court in the opinion, however, contented itself with simply following its former opinion in the Watts Case and by calling attention to the statute at the time in force. In Kee v. Ewing, supra, it was said, concerning the acknowledgment of the execution of a written instrument affecting real estate, the authorities required that the officer could not acknowledge the execution of the instrument of the kind, made to himself, and, using the court's language:

"We think they are equally clear that an officer of a bank who is a stockholder therein may not take an acknowledgment of such an instrument made to secure a debt made payable to the bank, and, if so taken and acknowledged, the instrument would not be entitled to record, and such record, if made, would not give to it the force and effect of a recorded instrument."

In that case the mortgage was not given to the bank, but to one Kee. There was nothing on the face of the mortgage to indicate either that the bank had an interest in the mortgage or that the bank cashier before whom the acknowledgment was taken had an interest in the bank or in the debt secured by the mortgage, though it was found that the bank was in some way interested in the note and mortgage, the nature and extent of which was not determined. The case of Ardmore National Bank v. Briggs Mach. & S. Co., 20 Okla. 427, 94 Pac. 533, 23 L. R. A. (N. S.) 1074, 129 Am. St. Rep. 747, 16 Ann. Cas. 133, involved the execution of a deed of trust made in the Indian Territory and a judgment rendered by the United States Court for the Southern District, and hence the Oklahoma statute was not involved. In Bank of Ames v. Lehr, supra, the early opinions of the court based on the old statute were fol-

lowed, though attention was called to the act 'of May 22. 1908, which was enacted subsequently to the execution of the mortgage there under consideration. It may be conceded, under the doctrine of corporate entity, that a stockholder has no independent ownership in the corporate property. If, however, the corporate property is enhanced in value, the stockholder secures the benefit of such enhancement by the increased value of his shares; and while in a given case this benefit may be small, in another case it may be large, and it will not do to say that the amount of beneficial interest should be made the criterion of disqualification on the ground of interest. All that is necessary in such cases is to give effect to the plain mandate of the statute. and require that the witnesses be not interested, even as stockholders, in the mortgage to which they are attesting witnesses. This rule is followed by a' great majority of the decided cases of the courts. as will be seen from an examination of the following cases: Ogden Building Ass'n v. Mensch, 196 Ill. 554. 63 N. E. 1049, 89 Am. St. Rep 330: Wilson v. Griess, 64 Neb. 792. 90 N. W. 866: First National Bank v. Citizens' State Bank, 11 Wyo. 32, 70 Pac. 726. 100 Am. St. Rep. 925; Hayes v. Southern Home Bldg. & Loan Ass'n., 124 Ala. 663. 26 South. 527, 82 Am. St. Rep. 216: Bexar Bldg. & Loan Ass'n v. Heady, 21 Tex. Civ. App. 154. 50 S. W. 1079. 57 S. W. 583; Winsted Savings Bank & Bldg. Ass'n v. Spencer. 26 Conn. 195; Betts-Evans Trading Co. v. Bass. 2 Ga. App. 718, 59 S. E. 8: Southern Iron & Equipment Co. v. Voyles, 138 Ga. 258, 75 S. E. 248, 41 L. R. A. (N. S.) 376, Ann. Cas. 1913D. 369; Horbach v. Tyrell, 48 Neb. 514, 67 N. W. 485. 489. 37 L. R. A. 437: Withers v. Baird. 7 Watts (Pa.) 227. 32 Am. Dec. 754: Bowden v. Parrish. 86 Va. 67, 9 S. E. 616. 19 Am. St. Rep. 874; 1 Corpus Juris. 802: 1 Devlin, Real Estate. sec. 477B: City Bank of Boone v. Radtke. 87 Iowa. 363. 54 N. W. 435: Smith v. Clark. 100 Iowa, 605. 69 N. W. 1011; Kothe v. Krag-Reynolds Co.. 20 Ind. App. 293. 50 N. E. 594: and Florida Savings Bank v. Rivers. 36 Fla. 575, 18 South. 850. While there are some cases to the contrary. the weight of authority clearly supports the rule announced in the foregoing opinions. Where, as in this jurisdiction. under section 4036 of the statute. the acknowledgment is an essential part of the instrument and necessary to its validity, it is clear that the attesting witnesses must be disinterested. Any other view would circumvent the statute and permit its willful violation with impunity. The question in no wise involves the duty of the recording officer in receiving and filing such mortgages. In this way we may give effect to the statute

requiring the signature of the grantor to be' validated by the signature of two persons not interested therein, while to hold otherwise would permit the mortgagee, the acts of whose officers vitiated the instrument, to reap all the benefits of a valid mortgage, after registration. Such was not the purpose of the Legislature in enacting the statute, and it is not the province of the courts to aid parties to disregard a statute which they themselves have violated, as in the case at bar. The mortgage being void for want of due execution, its subsequent registration gave it no efficacy. From what has been said it will be seen that the following conclusions are properly deducible from the record:

(1) Section 4036, Rev. Laws 1910, requiring a mortgage of personal property to be signed by the mortgagor, and providing, as one method of its execution, that it may "be signed and validated by the signature of two persons not interested therein," makes the act of attesting the mortgagor's signature by witnesses not disqualified by interest an essential part of the instrument and necessary to its validity as a statutory mortgage.

(2) A mortgage of personal property given a state banking corporation not acknowledged before an officer authorized to take acknowledgments of deeds. but attested by two stockholders of the bank. one of whom was its president, is, on account of the interest of the attesting witnesses, invalid. Such mortgage, although filed for record in the proper office, is, because of its inherent defect, ineffectual to impart constructive notice to subsequent purchasers or incumbrancers.

(3) A stockholder of a corporation is an interested person within the meaning of section 4036, Revised Laws 1910, and therefore disqualified to act as an attesting witness to a chattel mortgage made to such corporation.

Entertaining these views. I regard the opinion of the court as illogical and unsound. and therefore dissent.