POAGE v. NIX, County Clerk, et al. (HARPER, Intervener).

*98 P. 2d 610.*

No. 28872.   Jan. 23, 1940.

I. L. Harris, of Oklahoma City, for plaintiff in error, C. W. Poage, and intervener, J. B. Harper.

Homer Caldwell, of Oklahoma City, for defendant in error E. Todd Nelson.

HURST, J. This action was brought by C. W. Poage to cancel the filing of a chattel mortgage covering a truck, and to enjoin the further prosecution of a replevin action by the defendant E. Todd Nelson, mortgagee, in the justice court of defendant LaFon. J. B. Harper intervened in the action, and sought to have the mortgage declared a forgery. Harper sold the truck to plaintiff, representing at the time of sale that it was free of all encumbrances except one, which plaintiff paid. Thereafter defendant Nelson sought to replevin the truck under the mortgage in question. Plaintiff then brought this action. The trial court denied the relief sought by plaintiff, and rendered judgment for defendant Nelson, on his cross-petition, for the

balance due on his mortgage, it appearing that the truck had been destroyed while in plaintiff's possession, so that possession thereof could not be awarded to Nelson. The court denied the relief prayed for by intervener. Plaintiff and intervener appeal.

1. The legal question raised by plaintiff is whether the filing of the chattel mortgage in the office of the county clerk of Oklahoma county, under the admitted facts, constituted such a legal filing thereof as to charge him with constructive notice of such mortgage. The mortgage was dated August 7, 1936, and was filed February 5, 1937. It was not acknowledged, but when presented for filing bore the signature of two attesting witnesses, as required by section 11283, O. S. 1931, as amended by section 4, art. 2, ch. 56, S. L. 1935, 46 Okla. St. Ann. § 63. No irregularity appearing in the execution and attestation thereof, it was duly filed by the county clerk. At the trial, however, it was admitted, both by the mortgagee, Nelson, and the witnesses that the latter were not present and did not see the signing of the mortgage, but affixed their names thereto shortly before the instrument was presented for filing. Both witnesses testified that they did not see the instrument signed, but knew the signature of the mortgagor, Harper, and therefore witnessed it at the request of Nelson, in order that he might file it.

Plaintiff contends that the pretended attestation was a fraud and deception practiced upon the county clerk, in that it caused her to file, as regularly attested, an instrument not eligible to be filed because not in fact attested, and that such filing was therefore a nullity which would not impart constructive notice. With this contention we agree. The language of the statute is plain and specific in requiring the presence of the attesting witnesses when the instrument was executed. They are witnesses, not to the signature, but to the signing, and their signatures on the mortgage was a representation that they had in fact seen the mortgagor sign the instrument. Attestation is the act of witnessing the actual execution of a paper and subscribing one's name as a witness to the fact. It is solemn authentication of the fact of signing. First Nat. Bank of Buffalo v. Devore (1924) 110 Okla. 283, 234 P. 734; 6 C. J. 553. By the statute it is given the same weight and dignity as an acknowledgment. The placing of such false attestation on the instrument, in order to induce the county clerk to file it, was a fraud upon such officer, and the instrument being in fact neither acknowledged nor attested as required by law, the effect of the filing thereof was the same as if the names of the witnesses had been entirely omitted therefrom. It gave the mortgagee no rights in addition to those he had before the filing thereof. Greenville Nat. Bank v. Evans-Snyder-Buel Co. (1900) 9 Okla. 353, 60 P. 249. The false attestation, like a false acknowledgment, was of no effect. 1 C. J. 901; 1 Am. Jur. 378, § 148; Chariton & Lucas Nat. Bank v. Taylor (Iowa, 1930) 232 N. W. 487.

Defendant Nelson concedes that plaintiff did not have actual notice of the mortgage, but contends that the mortgage, being regular on its face, was properly filed, and when so filed gave constructive notice to all persons. He relies upon Lankford v. First Nat. Bank of Lawton (1919) 75 Okla. 159, 183 P. 56, as controlling. In that case the mortgage was in fact attested, the witnesses being a stockholder and a director of the Bank of Lawton. The court held that they were interested therein, but, their interest not appearing in the instrument, that the filing imparted constructive notice of the mortgage until the recording thereof was canceled or set aside. In that case the subsequent mortgagee, like the purchaser in this case, did not examine the records, or have actual notice of the prior mortgage. But in that case there was no showing that the Bank of Lawton, in having the mortgage so attested, did so to gain any advantage which it did not theretofore have, or that such attestation was not known and assented to by the mortgagor. Furthermore, the interest of the attesting wit-

nesses was indirect, so that there was a question whether they came within the statutory designation of "persons not interested." We decline to extend further the rule therein announced. Here there was no attempt to comply with the statute; the pretended attestation was without the knowledge and consent of the mortgagor, and was done to enable the mortgagee to reap a benefit he would not otherwise have enjoyed. To say that the filing of a mortgage so witnessed operates as constructive notice is to entirely disregard the plainly expressed will of the Legislature. To so hold would be to permit the defendant Nelson to profit by his own violation of the statute, which may not be done. Griffin v. Galbraith (1925) 114 Okla. 208, 247 P. 339.

2. The intervener contends that the false attestation was such a material alteration as to render the mortgage void as to him, in that such alteration facilitated proof of the execution thereof. The general rule as to material alterations, as set out in 2 Am. Jur. 599, is that to be material such alteration must so change the terms of the instrument as to give it a different legal effect from what it originally had, and thus work some change in the rights, obligations, interest, or relations of the parties. In 2 C. J. 1207, it is stated that the addition of attesting witnesses is a material alteration when it facilitates or interferes with the proof of the execution of the instrument. This rule, however, seems to be based on cases in states where proof of the execution of the instrument must be made by the attesting witnesses. In Commonwealth National Bank v. Baughman (1910) 27 Okla. 175, 111 P. 332, and Criner v. Davenport-Bethel Company (1930) 144 Okla. 74, 289 P. 742, both cited by intervener, the rule announced is substantially as set out in 2 Am. Jur. 599. In Lankford v. First Nat. Bank of Lawton, supra, this court held that attestation was not a part of the execution of a chattel mortgage, but a requisite for its filing only. We conclude that as between the parties

the legal effect of the instrument was not changed, and that the alteration which merely permitted it to be filed did not render it void.

3. The intervener further contends that the mortgage was not signed by him, but that his purported signature thereon was a forgery. The trial court refused to cancel the mortgage as to him, and we cannot say that such holding was clearly against the weight of the evidence. Therefore we will not disturb such finding. Cordilla v. Taylor (1937) 181 Okla. 20, 72 P. 2d 375.

The judgment is reversed as to plaintiff Poage, with instructions to the trial court to render judgment canceling and expunging from the records of the county clerk of Oklahoma county the filing of the chattel mortgage involved herein, and dismissing with prejudice the cross-petition of defendant Nelson. The judgment is affirmed as to intervener J. B. Harper.

RILEY, CORN, DAVISON, and DANNER, JJ., concur.