Mildred A. URSANER, Plaintiff in Error,

v.

BANK OF DENVER, Defendant in Error.

No. 38560.

Supreme Court of Oklahoma.

March 29, 1960.

Rehearing Denied Aug. 2, 1960.

Godlove & Cummins, Lawton, for plaintiff in error.

Kerr, Conn & Davis, Don R. Lane, James W. Roberts, Oklahoma City, for defendant in error.

IRWIN, Justice.

On March 18, 1957, the Bank of Denver commenced this action against Robert A. Howard, a non-resident of Oklahoma, for the collection of a promissory note. The bank alleged the execution and delivery of the note by Robert A. Howard, the payments made, the amount due and owing and prayed for judgment on the note, interest and reasonable attorney's fees. An attachment affidavit was filed, an order of attachment was issued and on March 23, 1957, the same was duly levied upon an interest in an oil and gas leasehold estate standing in the name of Robert A. Howard. Service was by publication.

By amended petition and petitions in intervention, several parties defendant were joined in the proceedings. Since no appeal was perfected by or against certain defendants, the judgment rendered for or against them has become final and their claims or interest will not be considered. The only litigants involved in this appeal are the Bank of Denver, defendant Leonard M. Lake and intervenor, Mildred Ursaner, who is plaintiff in error.

Defendant Leonard M. Lake alleged in his answer the ownership of the oil and gas lease by virtue of an assignment executed in his favor by Robert A. Howard on March 20, 1957, filed and recorded on March 26, 1957; he alleged that the Bank of Denver was not entitled to the attachment and prayed that his interest in the leasehold estate be quieted.

Plaintiff in error, Mildred Ursaner, filed a petition in intervention and alleged she entered into a contract with Robert A. Howard wherein she advanced him $7,000, and that he executed and delivered to her an assignment of the oil and gas lease on March 11, 1957; that the assignment was not placed of record for the reason the parties agreed it would not be filed for seven days; that under the agreement and contract she was to receive a one-third interest in the oil and gas lease; that under the contract or agreement her assignor, Robert A. Howard had 60 days in which to pay the $7,000, but did not pay any part of it; that she had a $7,000 interest in the oil and gas lease for the money advanced and secured by the assignment and is entitled to a one-third interest in the oil and gas lease and the funds derived from the operation thereof.

After a lengthy hearing and considerable evidence was introduced the trial court in its order and judgment made the following findings: The amount due the Bank of Denver on the promissory note; that the writ of attachment of the Bank of Denver was issued, levied and returned in compliance with the laws of the State of Oklahoma; that the attachment lien be foreclosed on the leasehold estate and an order of sale issue to satisfy the judgment; that after the sale the residue, if any, be paid to defendant Leonard M. Lake; that Leonard M. Lake purchased the oil and gas lease for a valuable consideration, but that he was not a purchaser for value without notice as against the Bank of Denver; that Leonard M. Lake is the owner of the oil and gas lease, subject however to the prior claim of the Bank of Denver; that the intervenor, Mildred Ursaner, has no right, title or interest in the leasehold estate.

Defendant Lake and intervenor Mildred Ursaner, filed motions for a new trial and after the same were overruled, both served notice of appeal. Both signed the certificate of case-made, the stipulation of attorneys to settle and sign case-made and transcript. Defendant Lake did not perfect his appeal to this Court and the judgment relating to the respective interests of the Bank of Denver and defendant Leonard M. Lake has become final. Intervenor Mildred Ursaner filed her petition in error and perfected her appeal to this Court.

Mildred Ursaner contends the trial court erred in its construction of the contract and agreement she had with Robert A. Howard and that she was the owner of the oil and gas lease on March 11, 1957, prior to the attachment lien of the Bank of Denver, and therefore the attachment lien is invalid as against her interest.

She proposes that on March 11, 1957, Robert A. Howard divested himself of all right, title and interest in the leasehold estate by virtue of the assignment of the oil and gas lease to her and the contract and agreement entered into between them; that at the time the attachment was levied, even through the record title was in the name of Robert A. Howard, he had no interest which could be attached; that the Bank of Denver is in no better position than that of a judgment creditor.

To sustain these propositions, she asserts that a judgment lien does not attach to the record title standing in the name of the judgment debtor, but is limited to the actual interest the judgment debtor had at the time the judgment lien attached and cites, Harry v. Hertzler, 185 Okl. 151, 90 P.2d 656. In this connection she asserts that she is the owner of a valid unrecorded assignment of an oil and gas lease and therefore has a superior claim to that of the Bank of Denver who claims under an attachment levied subsequent to the date of the assignment of the oil and gas lease executed in her favor.

We do not believe intervenor's general propositions of law are applicable under the circumstances in the case at bar. Assuming, but not deciding, that Robert A. Howard did in fact assign all his right, title and interest in the leasehold estate on March 11, 1957, to the intervenor, and had only the record title when the attachment was levied, we do not believe this is controlling. The intervenor sought to establish her interest in the leasehold estate, not only against the

Bank of Denver but against all the defendants in the proceedings, including Leonard M. Lake. Inasmuch as the trial court found defendant Lake had a valid and subsisting oil and gas lease and intervenor Ursaner had no right, title or interest therein, unless we find the trial court erred in finding and holding that defendant Lake had a valid oil and gas lease and intervenor had no interest therein, it is unnecessary for this Court to determine the issues between the Bank of Denver and the intervenor.

In considering this issue we must be mindful of certain facts. Intervenor claims title by virtue of an unrecorded assignment of an oil and gas lease from Robert A. Howard, dated March 11, 1957. Defendant Lake asserts his ownership by virtue of an assignment of an oil and gas lease from the same assignor, Robert A. Howard, dated March 20, 1957, and filed for record on March 26, 1957. There is nothing in the record to indicate and the intervenor does not contend that Lake had either actual or constructive notice of her claim and the trial court found that he was a purchaser for value. We have heretofore held that a purchaser of an oil and gas lease, who has no notice actual or constructive of an outstanding unrecorded instrument relating to said interest, is entitled to rely on the records, and if there is nothing on the records to put him on notice, or to cause an ordinarily prudent man to make additional inquiry, he is a bona fide purchaser insofar as notice is concerned and is protected against such outstanding instrument. Davis v. Lewis, 187 Okl. 91, 100 P.2d 994; Elsey v. Shaw, 199 Okl. 698, 190 P.2d 439; Bates v. Rogers, 178 Okl. 164, 62 P.2d 481; McAllister v. Clark, 91 Okl. 205, 217 P. 178; and Kee v. Ewing, 17 Okl. 410, 87 P. 297.

We therefore conclude that the trial court was correct in holding that defendant Leonard M. Lake became the owner of a valid and subsisting oil and gas lease, subject to the claims adjudicated, and intervenor Ursaner no longer had any right, title or interest in the leasehold estate.

In view of the conclusion herein reached, the judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.