286 F.2d 362
 V. H. CARROLL, Trustee in Bankruptcy of the Estate of
Dayrold Eugene Davis, Appellant,
v.
NATIONAL LIVE STOCK CREDIT CORPORATION, Appellee.
In the Matter of Dayrold E. DAVIS, Bankrupt.
 No. 6495.
 United States Court of Appeals Tenth Circuit.
 Jan. 17, 1961.
 
 1
 Robert L. Cox, Oklahoma City, Okl., for appellant, V. H. Carroll.
 
 
 2
 William G. Davisson, Ardmore, Okl., for appellee, National Live Stock Credit Corporation.
 
 
 3
 Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District judge.
 
 
 4
 RICE, District Judge.
 
 
 5
 The legal problem involved in this appeal arose in a bankruptcy proceeding begun in the Western District of Oklahoma.
 
 
 6
 The bankrupt, Dayrold Eugene Davis, filed his voluntary petition on December 16, 1959. V. H. Carroll was elected as trustee. Prior to filing his petition in bankruptcy, Davis, who will hereafter be referred to as 'Bankrupt,' executed two promissory notes payable to National Live Stock Credit Corporation, hereafter referred to as 'National'; one for $11,161.53, dated May 27, 1959, and another for $5,500, dated August 4, 1959. As security for payment of these notes, Bankrupt executed two chattel mortgages and gave as security 204 head of cattle the were located in Kiowa County, Oklahoma.
 
 
 7
 Neither chattel mortgage was acknowledged, but each was witnessed by Harley Custer and Jess Cobb. Each chattel mortgage was assigned immediately to Federal Intermediate Credit Bank of Wichita, Kansas. The assignment in each instance was executed by Harley Custer as secretary of National and acknowledged by Jess Cobb, notary public. These assignment forms were set out immediately below the mortgage forms, and when the mortgages were recorded the assignments were likewise recorded.
 
 
 8
 After bankruptcy was begun, the notes and chattel mortgages were re-assigned to National, and thereafter National filed its secured claim based upon the notes and chattel mortgages. Harley Custer, as secretary-treasurer of National, filed this claim. In the course of bankruptcy, the mortgaged cattle were sold and the proceeds of the sale are held in lieu of the cattle to await the outcome of this suit.
 
 
 9
 The Trustee filed objection to allowance of National's claim as a secured claim on the ground that the chattel mortgages were invalid as against the Trustee, for the reason they were not executed and witnessed and filed of record in accordance with law; and by that he referred to the statutory law of Oklahoma as construed by the Supreme Court of Oklahoma. Included in his objections was an allegation that the description of the cattle in the mortgage was not sufficient to identify the cattle and that the cattle in possession of the Trustee were not convered by the mortgages. On this appeal, the Trustee has abandoned his contention as to insufficient description of the cattle.
 
 
 10
 The Referee, in a carefully prepared findings of fact and conclusions of law and order, overruled the objections by the trustee and sustained the contention of National and allowed its claim as a secured claim. And on May 27, 1960, Hon. Stephen S. Chandler, Chief Judge, approved and affirmed the order of the Referee.
 
 
 11
 The Referee in his findings of fact stated: 'Here there is no question of good faith of the transaction and the Bankrupt obtained the money on the strength of this mortgage security.' Appellant, in his brief, limited his argument to the following propositions: (1) The chattel mortgages relied upon by creditor were witnessed by a person interested therein and were therefore not subject to being filed under Oklahoma law; (2) The filing of the improperly witnessed chattel mortgages did not constitute constructive notice thereof and they are not enforceable against the Trustee in bankruptcy.
 
 
 12
 The parties are agreed as to the facts. They also agree that the legal question is controlled by Oklahoma law.
 
 
 13
 Each of the chattel mortgages is one sheet of paper. The terms of the mortgage are shown on the front and back of the sheet. Beneath the signature of the witnesses is the assignment of the mortgage which discloses that Custer, as secretary, executed the assignment on behalf of National. The assignment was acknowledged by Jess Cobb, notary public. Oral testimony disclosed that Custer was also treasurer and a stockholder and general manager of National.
 
 
 14
 The applicable Oklahoma Statute is 46 O.S.1951 63, which provides in part as follows: 'A mortgage of personal property must be signed by the mortgagor, * * * Such signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds or it may be signed and validated by the signature of two persons not interested therein.' The provision for either acknowledgment or attestation of the signature is in order that the instrument may be duly admitted of record. As between the parties, the mortgage is valid without being recorded. Holbird v. Harris, 1946, 197 Okl. 646, 174 P.2d 262. There is no requirement that an assignment be recorded. New v. Malone, 1948, 199 Okl. 639, 189 P.2d 177.
 
 
 15
 This background of fact presents the narrow and difficult legal problem under Oklahoma law as to whether or not the mortgages were eligible for recording and if recorded would they impart constructive notice.
 
 
 16
 In the early case of Lankford v. First National Bank of Lawton, 1919, 75 .okl. 159, 183 P. 56, the Supreme Court of Oklahoma ruled that 'where it does not appear from the face of the instrument that the officer taking the acknowledgment, or the subscribing witnesses, are legally disqualified by reason of their interest in the estate or property mortgaged, the instrument may properly be received for record, and such recording will be constructive notice to subsequent creditors and mortgagees.'
 
 
 17
 The testimony which disclosed that Custer was also treasurer and general manager, also a stockholder, did not appear upon the face of the mortgage and subsequently was not properly admitted, and the Referee properly refused to consider it. Lankford v. First National Bank of Lawton, supra.
 
 
 18
 The fact that the assignment which was recorded at the same time the mortgage was recorded but was not any part of the mortgage should not, in our opinion, operate to change the rule announced in Lankford v. First National Bank of Lawton.
 
 
 19
 We cannot agree with appellant that Poage v. Nix, 1940, 186 Okl. 388, 98 P.2d 610 in effect overrules Lankford v. First National Bank. On the contrary, we believe that Poage v. Nix recognizes the rule of law announced in Lankford. The Court in Poage v. Nix did, however, under different facts, decline to extend further the rule of law announced in Lankford.
 
 
 20
 Appellant conceded in argument that if the assignment had been on a separate paper and recorded at a later time and not on the same page as the mortgage, the recording of the mortgage would be constructive notice to all persons and evidence not disclosed by the mortgage could not be resorted to in order to show the witnesses were not disinterested.
 
 
 21
 The judgment is affirmed.