INTERIOR WOODWORK COMPANY, Respondent, vs. JAHN and others, imp., Respondents, and HACKETT, HOFF & THIERMANN, INC., Appellant.

*April 12—May 2, 1916.*

*Mechanics' liens: Notice required: Principal contractors: Statutes: Amendment: Construction.*

1. Under ch. 213, Laws 1913, amending sec. 3315, Stats., a principal contractor, in order to be entitled to a lien, was required to serve a notice within sixty days after performing work or labor or furnishing materials, stating the amount due and the fact that a lien was claimed therefor.
2. The supreme court has no power to amend a statute; it can only, in cases of doubt, ascertain and declare the intent of the legislature.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action to enforce mechanic's lien. Plaintiff commenced this action to enforce its claim for mechanic's lien against the property of the defendants McEvoy. The defendant *Hackett, Hoff & Thiermann, Inc.,* is a mortgagee, having a mortgage upon the same property upon which the lien is claimed,

which mortgage is admittedly subsequent to the lien of plaintiff and other lien claimants.

The trial court found for the lien claimants, gave judgment establishing their liens upon the property in question, and the mortgagee brings this appeal therefrom.

For the appellant there was a brief by *J. O. Carbys* and *Christian Doerfler,* and oral argument by *Mr. Carbys.*

For the respondents there was a brief by *E. J. Ludwig,* attorney for *Frank Luenzmann Company, Charles J. Weaver,* attorney for *Ernst Jahn, Arthur Breslauer,* attorney for *Phillip Gross Hardware Company,* and *John H. Paul,* attorney for *Interior Woodwork Company;* and the cause was argued orally by *Mr. Ludwig.*

Rosenberry, J.    There is but one question submitted for determination in this case.    Under the provisions of ch. 213 of the Laws of 1913, amending sec. 3315, Stats., were principal contractors required to serve a notice within sixty days after performing work, labor, or furnishing material, stating the amount of the claim and the fact that a lien was claimed therefor?    This depends upon the construction to be given to sec. 3315 as amended.    Sec. 3315, Stats. 1913, is the result of an amendment of a prior law upon the same subject.    By the amendment certain provisions of sec. 3315, Stats. 1911, were stricken out and the section was rewritten in other particulars not involved in the determination of this question. The section as it stood before it was amended by ch. 213 of the Laws of 1913 was as follows, the words stricken out of sec. 3315, Stats. 1911, being printed in italics, the only change made in that part of the section material here being the omission of the italicised words:

"Section 3315. Every person who, *as subcontractor of a principal contractor or as an employee of either,* performs any work or labor for or furnishes any materials *to either* in any of the cases mentioned in the preceding section may have the lien and remedy given by this chapter if, within sixty days after performing such work or labor or furnishing such ma-

tcrials, he shall give notice in writing to the owner, or his agent, of the property to be affected by such lien, if to be found in the county, and if neither can be found therein, by filing such notice in the office of the clerk of the circuit court of said county, setting forth that he has been employed *by such principal contractor or subcontractor* to perform or furnish, and has performed or furnished, such work, labor or material, with a statement of the labor performed or the materials furnished, the amount due therefor *from such principal contractor or subcontractor,* and that he claims the lien given by this chapter. In all cases where a lien shall be filed under the provisions of this chapter by any person other than the principal contractor it shall be his duty to defend any action brought thereupon at his own expense, and during the pendency of such action the owner may withhold from the contractor the amount of money for which such lien shall be filed; and in case of judgment against the owner or his property upon the lien he may deduct from any amount due by him to the contractor the amount of such judgment and costs, and if he shall have settled with the contractor in full may recover from him any amount so paid for which the contractor was originally liable. . . ."

How can there be any possible doubt that the legislature intended to change the policy of the law and require a notice to be given within sixty days by a principal contractor? What other purpose could the legislature have had in striking out the italicised words? To state these questions is to answer them. That such was the intention of the legislature is too plain to require argument or restatement. It is claimed that by the insertion of the word "other" after the word "every" in the first line, the statute would then have the same meaning that it had prior to the amendment. This court has no right or power to amend the statutes either by the insertion of one word or many words. It is the duty of this court in cases of doubt to ascertain and declare the intent of the legislature. Where there is no doubt as to that intent this court has no duty to perform. *State ex rel. Husting v. Board of State Canvassers,* 159 Wis. 216, 226, 238, 150 N. W. 542.

It being conceded that no notice was given as required by

the section as it stood at the time the labor and material were furnished, the judgment of the circuit court establishing the liens of claimants and directing foreclosure thereof is erroneous and should be reversed.    Under sec. 3324, Stats. 1915, the lien claimants are entitled to judgment for the amounts due them.

*By the Court.*—Judgment reversed, and cause remanded with directions to the circuit court to enter a personal judgment in favor of the lien claimants for the amounts found due them and in accordance with this opinion.