[File No. 6710.]

NOME STATE BANK, a Corporation, Respondent, v. MELVIN BRENDMOEN and Edna Brendmoen, Appellants.

(295 N. W. 82.)

Opinion filed November 27, 1940.

*Burnett, Bergesen and Haakenstad,* for appellants.
*Charles G. Bangert,* for respondent.

MORRIS, J. This is an action to foreclose a chattel mortgage. The plaintiff is the mortgagee and the defendants are the mortgagors. The defendants demurred to the plaintiff's complaint on the ground that it does not state facts sufficient to constitute a cause of action. The court overruled the demurrer and the defendants appealed.

Two issues were presented to the trial court. First, whether the complaint alleges in sufficient terms that a copy of the chattel mortgage was delivered to the mortgagors at the time of execution. Second, does the failure of the complaint to allege surrender of a copy of the chattel mortgage by the mortgagee to the mortgagors at the time of execution make the complaint demurrable?

In order that we may proceed directly to the vital question in the case, we will assume that the complaint fails to allege delivery of the copy. The defendant argues that when a chattel mortgage is executed, the mortgagee must surrender to the mortgagor a correct copy of the mortgage; and that if he fails to do so, the mortgage is void and consequently the surrender of such copy must be alleged in the complaint in order to plead a valid execution of the instrument. This contention brings before us for determination the question of whether the failure of the mortgagee, in a chattel mortgage, to surrender to the mortgagor a copy of a mortgage at the time of execution makes the mortgage void as between the parties thereto. The general form of

chattel mortgages is prescribed by § 6756, N. D. Compiled Laws 1913. The receipt of a copy of the mortgage is not prescribed as a part of the statutory form. Section 6758 provides that a chattel mortgage is void against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith for value unless the original or an authenticated copy is filed in the office of the register of deeds of the county where the property or any part thereof is situated. Section 6759 provides that such filing shall constitute constructive notice of the mortgage. Section 6763, N. D. Compiled Laws, provides that "a mortgage of personal property must be signed by the mortgagor in the presence of two witnesses who must sign the same as witnesses thereto, or acknowledge the execution of the same before some official qualified to take acknowledgments. *And every mortgagee must surrender to the mortgagor at the time of the execution of the mortgage a correct copy of the original mortgage so signed, with witnesses or acknowledgment shown thereon.* And the mortgagor must surrender to the mortgagee a receipt which shall be attached to the original mortgage showing that the mortgagee has surrendered to him a copy of such mortgage, and said receipt must accompany the mortgage when presented to the register of deeds and filed therewith. Otherwise said mortgage shall not be filed as a chattel mortgage by the register of deeds."

The controversy hinges upon the application of that portion of the foregoing section that we have italicized. The plaintiff contends that this language bears only upon the eligibility of the mortgage to recordation and not upon the validity of the instrument as between the parties to it.

This section of the statute originated with § 1749 Revised Codes of 1877, which provides that "a mortgage of personal property must be signed by the mortgagor in the presence of two persons who must sign the same as witnesses thereto, and no further proof or acknowledgment is required to admit it to be filed."

This is one of several consecutive sections in that code dealing with the filing of chattel mortgages. By chapter 133, N. D. Session Laws 1903, this section was amended to include acknowledgments. No further change was made until the enactment of chapter 66, N. D. Session

Laws 1913, when the section was amended and re-enacted in the form which we have quoted above as § 6763, N. D. Compiled Laws 1913.

In J. I. Case Threshing Mach. Co. v. Olson, 10 N. D. 170, 86 N. W. 718, decided in 1901, this court said: "There can be no doubt that the formality of witnessing the execution of a mortgage is not contemplated by the statute, except as a prerequisite to filing, in order that it may become constructive notice to encumbrancers or purchasers of the property mortgaged."

In that case it was held that as between the mortgagee and mortgagor it was not necessary to show that the execution of the chattel mortgage was witnessed. Other courts have considered statutes containing the same language and have reached the same result with respect to the attestation of chattel mortgages. See Walter A. Wood Mowing & Reaping Mach. Co. v. Lee, 4 S. D. 495, 57 N. W. 238; Lankford v. First Nat. Bank, 75 Okla. 159, 183 P. 56; Poage v. Nix, 186 Okla. 388, 98 P. (2d) 610.

When the legislature amended and re-enacted the section in question by chapter 66, N. D. Session Laws 1913, this court had already pronounced in J. I. Case Threshing Co. v. Olson, 10 N. D. 170, 86 N. W. 718, supra, that the statute provided only a prerequisite to filing and did not affect the validity of the mortgage as between the parties thereto. The amendment added additional requirements and also provided that "otherwise said mortgage shall not be filed as a chattel mortgage by the register of deeds." This provision is in effect a penalty imposed for failure to comply with the statute. It is a penalty of considerable severity. It makes the instrument ineligible for filing and thus it deprives the mortgagee of the right to give constructive notice to subsequent purchasers and encumbrancers in good faith for value. The legislature having provided a penalty for failure to comply with the statute the inference is that other penalties are excluded.

"'It is a general principle of interpretation that the mention of one thing implies the exclusion of another thing; expressio unius est exclusio alterius.'" 25 R. C. L. 981.

In Wood v. Krepps, 168 Cal. 382, 143 P. 691, the court had before it a statute that required personal property brokers to give to borrowers a notice of the contents of notes and chattel mortgages taken to secure loans, and imposed a penalty for failure to comply with the statute.

It was contended that failure to comply made the chattel mortgage void. In rejecting this contention, the court said: "The statute itself provides that as a penalty for failure to give the memorandum or notice the broker shall be subjected to a fine not exceeding the specified amount. This is the only penalty which the statute imposes. No further penalty is declared, and the contract itself is not in any manner affected by the failure to comply with this provision of the section."

The statute involved in this case is unambiguous in its language. In order to read into the statute the additional penalty of making the mortgage void we must reject a plain construction readily discernible from the language for one that would be strained and forced. This would be contrary to the rules of statutory construction universally recognized and applied. State ex rel. Prchal v. Dailey, 57 S. D. 554, 234 N. W. 45; Interior Woodwork Co. v. Jahn, 163 Wis. 193, 157 N. W. 772; Smith v. Grand Rapids, 281 Mich. 235, 274 N. W. 776.

If the legislature had intended to make a chattel mortgage void for failure to comply with the statute in question or any part of it that body would have done so. Instead, the language making the mortgage ineligible for filing was retained through all amendments. This court will not now add by judicial construction a further penalty which the legislature no doubt intentionally refrained from imposing. The trial court properly overruled the defendants' demurrer to the complaint.

Affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, BURR, and BURKE, JJ., concur.