IN the INTEREST of G. and L.P.: A. and A.P., Appellants,

v.

RACINE COUNTY, Respondent.

Court of Appeals

*No. 83–2338. Submitted on briefs February 27, 1984.— Decided May 16, 1984.*

For the appellant, the cause was submitted on the brief of *Frank T. Scott,* of Racine.

For the respondent, the cause was submitted on the brief of *James T. McMahon,* assistant corporation counsel, of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   A. and A.P., parents of G.P. and L.P., appeal an order of the juvenile court directing them to reimburse Racine County for guardian ad litem fees

rendered to their children as a result of a sec. 48.13, Stats., proceeding in which said children were alleged to be in need of protection or services. The juvenile court ruled that guardian ad litem services were included within the meaning of "legal counsel" as used in sec. 48.275(2)(a), Stats.,[1] which provides in part:

If this state or a county provides legal counsel to a child subject to s. 48.12 or 48.13, the court shall order . . . the parents . . . to reimburse the state or county if required under par. (b).

Because we conclude that guardian ad litem services are not included within the concept of "legal counsel" as used in sec. 48.275(2)(a), we reverse.

Matters of statutory construction involve questions of law to which the findings of the trial court are not accorded any special weight or deference. *Engineers & Scientists of Milwaukee, Inc. v. City of Milwaukee*, 38 Wis. 2d 550, 554, 157 N.W.2d 572, 574 (1968).

Racine County argues that the statute is clear and unambiguous on its face, and, therefore, the term "legal counsel" should be given its ordinary meaning. Assuming this to be true, an unambiguous statute can be rendered ambiguous by its interaction with and its relation to other statutes. *State v. White*, 97 Wis. 2d 193, 198, 295 N.W.2d 346, 348 (1980). Because secs. 48.02(8), Stats., defining guardian ad litem, 48.23, concerning right to counsel, 48.235, governing the appointment of guardians ad litem, and 48.275, governing reimbursement when legal counsel is provided, all appear in the same chapter and address the subject matter of legal services

---

[1] We note that sec. 48.275(2)(a), Stats., has been recently amended in sec. 999i, 1983 Wis. Act 27. This amendment, however, has no effect on the outcome of this appeal.

rendered in a juvenile proceeding, we conclude that the statutes must be read *in pari materia*. *City of Milwaukee v. Milwaukee County*, 27 Wis. 2d 53, 56, 133 N.W.2d 393, 395 (1965). Because a guardian ad litem must be an attorney for purposes of ch. 48,[2] it can be logically argued that such services are "legal services" within the meaning of the statute. We also note, however, that the duties of "legal counsel" and "guardian ad litem" are separately contemplated and separately discharged under sec. 48.23. Since sec. 48.275 speaks only of reimbursement for "legal counsel," it can also be persuasively argued that such term should be limited to services rendered by an attorney acting as an advocate. We thus conclude that the term "legal counsel" as used in sec. 48.275 for purposes of reimbursement to the governmental unit is ambiguous.

When an ambiguity in statutory language is present, we must determine the legislative intent from the language of the statute in relation to its scope, history, context, subject matter, and object intended to be accomplished. *County of Milwaukee v. Proegler*, 95 Wis. 2d 614, 625, 291 N.W.2d 608, 613 (Ct. App. 1980). In determining this intent, we initially observe that the definition of "counsel" as contained in sec. 48.23(6), Stats.,[3] which *excludes* guardians ad litem, cannot be utilized as a basis for defining "legal counsel" under the reimbursement provisions of sec. 48.275(2)(a), Stats. The defini-

---

[2] Section 48.02(8), Stats., provides:

"Guardian ad litem" means a lawyer admitted to practice in this state who is appointed to protect the interest of the child or an incompetent in a particular court proceeding.

[3] Section 48.23(6), Stats., provides:

For the purposes of this section, "counsel" means an attorney acting as adversary counsel who shall advance and protect the legal rights of the party represented, and who may not act as guardian ad litem for any party in the same proceeding.

tion of "counsel" under sec. 48.23 (6) is expressly limited to "this section."

The reimbursement provisions of sec. 48.275 (2) (a), Stats., were created by sec. 796s., ch. 20, Laws of 1981. At that time, sec. 48.23, Stats. (1979), "Right To Counsel," was already in effect and provided in part:

(1) Right Of Children To *Legal Representation.* Children subject to proceedings under this chapter shall be afforded *legal representation* as follows:

. . . .

(b) 1. If a child is alleged to be in need of protection or services under s. 48.13, the child may be represented by counsel at the discretion of the court.

. . . .

(3) Power Of The Court To Require Representation And Appoint Guardians Ad Litem. At any time, upon request or on its own motion, the court may appoint a guardian ad litem for the child or any party and may appoint counsel for the child or any party, unless the child or the party has or wishes to retain counsel of his or her own choosing.

(3m) Guardians Ad Litem Or Counsel For Abused Or Neglected Children. The court shall appoint counsel for any child alleged to be in need of protection or services under s. 48.13 (3), (10) and (11), except that if the child is less than 12 years of age the court may appoint a guardian ad litem instead of counsel. The guardian ad litem or counsel for the child shall not be the same as counsel for any party or any governmental or social agency involved. [Emphasis added.]

The mere fact that sec. 48.23 is entitled "Right To Counsel" does not mean that "legal counsel" for reimbursement purposes in sec. 48.275 includes guardian ad litem services. This is because the language of a statute controls in meaning over the caption or title. *State v. Mahaney,* 55 Wis. 2d 443, 449, 198 N.W.2d 373, 375 (1972); sec. 990.001 (6), Stats. The language of sec. 48.23 addresses *legal representation*—a phrase which includes the

services of legal counsel as one concept and those of a guardian ad litem as another. When the legislature enacted the reimbursement provisions of sec. 48.275(2)(a), it had the opportunity to address the concepts of "counsel" and "guardian ad litem" in terms of legal representation as it had previously done in sec. 48.23. It obviously chose not to do so and limited the statute only to "legal counsel." When the legislature enacts a statute, it is presumed to act with full knowledge of the existing laws, including statutes. *Mack v. Joint School District No. 3,* 92 Wis. 2d 476, 489, 285 N.W.2d 604, 610 (1979).

The trial court opined that the absence of specific reference to guardians ad litem in sec. 48.275(2)(a), Stats., may have been an omission or inadvertence on the part of the legislature.[4] Even if this be the case, it is not our function to rewrite the statute or to amend it to correct such an oversight on the part of the legislature. We have no right or power to amend a statute by the insertion of additional language. *Interior Woodwork Co. v. Jahn,* 163 Wis. 193, 195, 157 N.W. 772, 773 (1916). There may be sound policy reasons why the legislature chose to limit the obligation of reimbursement to only fees for legal counsel. The obvious difference between the duties of the respective positions (legal counsel serving as an advocate and the guardian ad litem representing the interests of the child) may have prompted the distinction

---

[4] We do not necessarily disagree with the implication by the trial court that the better law is to obligate the parents for the fees of guardians ad litem. The trial court still retains the discretionary power to deny reimbursement in those situations where the interests of the child and the parents are adverse or where reimbursement would be unfair. *See* sec. 48.275(2)(a), Stats. Such a statute would be in keeping with certain trends in the juvenile law which expand restitution and reimbursement requirements to both the juvenile and the parents in an effort to infuse a higher sense of responsibility and accountability to both. This remains, however, a policy decision for the legislature—not the courts.

in reimbursement. Unless an interpretation of a statute would lead to ludicrous or plainly unintended results, our function is not to rewrite the statute. Nor is it our function to add language or exceptions to a statute because the statute, as written, may seem unwise. *State ex rel. United States Fidelity & Guaranty Co. v. Smith,* 184 Wis. 309, 316, 199 N.W. 954, 957 (1924).

We conclude, therefore, that guardian ad litem fees are not subject to the reimbursement provisions of sec. 48.275 (2) (a), Stats.

*By the Court.*—Order reversed.