140 Wis.2d 400 (1987)
411 N.W.2d 144
IN RE the PATERNITY OF N.L.B.:
N.L.B., by D.N.P., her natural guardian, and D.N.P., individually, Petitioners-Appellants,[]
v.
G.B., P.K., individually, and P.K., Personal Representative of the Estate of B.L.B., Respondents.
No. 86-2316.
Court of Appeals of Wisconsin.
Submitted on briefs April 29, 1987.
Decided June 10, 1987.
*401 On behalf of the petitioners-appellants the cause was submitted on the briefs of Bernard Goldstein and Robert A. Kagen of Goldstein and Kagen of Milwaukee.
On behalf of the respondents the cause was submitted on the brief of Jerome F. Barina of Barina & Schmitt of Racine.
Before Scott, C.J., Brown, P.J., and Nettesheim, J.
SCOTT, C.J.
This is an appeal from an order dismissing a petition for adjudication of paternity. Because the trial court correctly held that a paternity action under sec. 767.45, Stats., may not be brought against a deceased putative father, we affirm.
The pertinent facts are brief. The paternity action was commenced as a civil proceeding by D.N.P., the mother, and by D.N.P. on behalf of N.L.B., the child. The mother's conceptive period was from October 2, 1985 to December 1, 1985. The petition, filed August 30, 1986, named B.L.B. as the putative father. B.L.B. had been killed on November 28, 1985, so the petition named G.B. and P.K., B.L.B.'s parents, as well as the personal representative of the estate of B.L.B., as respondents. The trial court dismissed the petition noting that causes of action for paternity and for support do not survive the death of the alleged father and that the petition failed to state a claim upon which relief may be granted.
On appeal, D.N.P. and N.L.B. contend that the holding of In re Estate of Blumreich, 84 Wis. 2d 545, *402 267 N.W.2d 870 (1978), appeal dismissed sub nom. Caldwell v. Kaquatosh, 439 U.S. 1061 (1979), has been abrogated by subsequent legislation. In Blumreich, the supreme court held that a paternity proceeding may not be maintained against the putative father posthumously. Id. at 552-53, 267 N.W.2d at 873-74. After Blumreich was decided, the legislature amended sec. 767.01, Stats., and created sec. 767.45, Stats. See ch. 352, Laws of 1979. Section 767.01 confers subject matter jurisdiction upon the circuit courts. That section provides, in pertinent part:
Jurisdiction. (1) The circuit courts have jurisdiction of all actions affecting the family and have authority to do all acts and things necessary and proper in such actions and to carry their orders and judgments into execution as prescribed in this chapter. All actions affecting the family shall be commenced and conducted and the orders and judgments enforced according to these statutes in respect to actions in circuit court, as far as applicable, except as provided in this chapter.
....
(3) An action under s. 767.45 may be brought in the county in which the child or the alleged father resides or is found or, if the father is deceased, in which proceedings for probate of his estate have been or could be commenced. [Emphasis added.]
Section 767.45(1) states in part:
The following persons may bring an action for the purpose of determining the paternity of a child or for the purpose of rebutting the presumption of paternity under s. 891.41:
(a) The child.
(b) The child's natural mother.

*403 (c) A man presumed to be the child's father under s. 891.41.
(d) A man alleged or alleging himself to be the father of the child.
(e) The personal representative of a person specified under pars. (a) to (d) if that person has died.
(f) The legal or physical custodian of the child.
The appellants contend that by the plain language of secs. 767.01 and 767.45, the legislature authorized paternity actions against the estate of the deceased alleged father. We disagree.
[1]
Section 767.01, Stats., merely grants jurisdiction over paternity actions to the circuit courts and limits the counties in which venue will lie. Section 767.45, Stats., simply establishes who may bring a paternity action, not who may be made a respondent in the proceeding. The application of a statute to a particular set of facts is a question of law. We decide questions of law without deference to the trial court. Neis v. Board of Educ., 128 Wis. 2d 309, 313, 381 N.W.2d 614, 616 (Ct. App. 1985). We conclude that the statute which specifically controls whether a paternity action survives is sec. 895.01, Stats.[1]
*404 [2]
The legislature is presumed to act with full knowledge of all existing laws, including statutes. In re G. & L.P., 119 Wis. 2d 349, 354, 349 N.W.2d 743, 745 (Ct. App. 1984). Had the legislature intended by its enactment of ch. 767, Stats., to allow the maintenance of paternity actions after the putative father's death, it would have also amended sec. 895.01, Stats., to include paternity actions.[2] We also note that there is a specific statute governing procedure if the mother is dead, insane, cannot be found or fails to pursue a paternity action. See sec. 767.50, Stats. No comparable statute exists for the putative father.
We conclude that the trial court properly dismissed the petition for adjudication of paternity.
By the Court.Order affirmed.
NOTES
[] Petition to review denied.
[1] Section 895.01, Stats., provides:

(1) In addition to the causes of action which survive at common law the following shall also survive: Causes of action for the recovery of personal property or the unlawful withholding or conversion of personal property, for the recovery of the possession of real estate and for the unlawful withholding of the possession of real estate, for assault and battery, false imprisonment, invasion of privacy, violation of s. 968.31(2)(d) or other damage to the person, for all damage done to the property rights or interests of another, for goods taken and carried away, for damages done to real or personal estate, equitable actions to set aside conveyances of real estate, to compel a reconveyance of real estate, or to quiet title to real estate, and for a specific performance of contracts relating to real estate. Causes of action for wrongful death shall survive the death of the wrongdoer whether or not the death of the wrongdoer occurred before or after the death of the injured person.
(2) An action does not abate by the occurrence of any event if the cause of action survives or continues.
[2] We note that in ch. 352, Laws of 1979, the legislature amended or created numerous other statute sections that relate, in general, to paternity actions.