ANNETTE KINGSLAND ZIEGLER, J.
¶ 103. (concurring). I agree with the majority opinion that all of Raheem Moore's statements to the detectives were knowing, intelligent, and voluntary. I join the majority opinion in that respect. I write separately because I believe that the majority opinion should take this opportunity to conclude that suppression of a juvenile's unrecorded statements under Wis. Stat. § 938.31(3)(b) is not an available remedy if a juvenile is in adult court. While a juvenile's statements during a custodial interrogation generally must be recorded, this case was an adult criminal court proceeding, not a juvenile court delinquency proceeding. My conclusions are based upon a plain meaning statutory analysis.
*416 ¶ 104. I write separately to clarify that this case has a somewhat unique posture. I hope to clarify that we should not conflate procedures and remedies available in juvenile court with those in adult court. To be clear, had the case been tried to a jury in adult court, Moore could have requested a jury instruction under Wis. Stat. § 972.115(2)(a), but relief under Wis. Stat. § 938.31(3)(b) would not be available. Moore was in adult and not juvenile court; hence, suppression of his unrecorded statements under § 938.31(3)(b) is not available to him because his case was not a "court proceeding alleging the juvenile to be delinquent." See Wis. Stat. § 938.31(3)(b). Moreover, a jury instruction is of little significance since Moore pled guilty in adult court. I write separately because the majority opinion stops short of clearly concluding that the only available remedy to Moore would be a § 972.115(2)(a) jury instruction and that suppression under § 938.31(3)(b) is not available to Moore because he was in adult court.
¶ 105. "[W]e have repeatedly held that statutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' " State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoted source and citations omitted). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id. (citation omitted). "Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history." Id., ¶ 46 (citations omitted). " 'In construing or interpreting a statute the court is not at liberty to disregard the plain, clear words of the statute.'" Id. (quoting State v. Pratt, 36 Wis. 2d *417 312, 317, 153 N.W.2d 18 (1967)). "We should not read into the statute language that the legislature did not put in." Brauneis v. LIRC, 2000 WI 69, ¶ 27, 236 Wis. 2d 27, 612 N.W.2d 635 (citing In the Interest of G. & L.P., 119 Wis. 2d 349, 354, 349 N.W.2d 743 (1984)). The majority opinion correctly recognizes these principles of statutory interpretation. Majority op., ¶¶ 75-76.
¶ 106. The majority opinion holds that the failure to record the entire custodial interrogation violated the recording requirement in Wis. Stat. § 938.195. Majority op., ¶¶ 84-85. That statute provides: "A law enforcement agency shall make an audio or audio and visual recording of any custodial interrogation of a juvenile that is conducted at a place of detention unless a condition under [§] 938.3l(3)(c)l. to 5. applies." Wis. Stat. § 938.195(2)(a). I do not quarrel with the legislative call to record a juvenile's statements during a custodial interrogation.
¶ 107. I also do not question that the remedy for a violation of the recording requirement is suppression under Wis. Stat. § 938.31. However, the legislature also determined that suppression under § 938.31 is available only in a juvenile court delinquency proceeding. This statute provides, in relevant part:
Except as provided under par. (c), a statement made by the juvenile during a custodial interrogation is not admissible in evidence against the juvenile in any court proceeding alleging the juvenile to be delinquent unless an audio or audio and visual recording of the interrogation was made as required under [§] 938.195(2) and is available.
Wis. Stat. § 938.3l(3)(b) (emphasis added). The majority opinion seems to avoid the inevitable conclusion *418 that suppression under that statute is unavailable in adult court. Majority op., ¶¶ 86-91. We should adhere to the legislation's plain language.
¶ 108. Moore is not entitled to suppression under Wis. Stat. § 938.31(3)(b) in adult court. By this statute's plain terms, the suppression remedy applies in a "court proceeding alleging the juvenile to be delinquent." Wis. Stat. § 938.31(3)(b). A criminal prosecution in adult court is not a "court proceeding alleging the juvenile to be delinquent." Therefore, this statute's suppression remedy for a juvenile delinquency proceeding does not apply in adult court, even if the adult court defendant is a juvenile. A court would have to impermissibly read language into this statute in order to determine that its suppression remedy applies in adult court. See Brauneis, 236 Wis. 2d 27, ¶ 27 (citation omitted) ("We should not read into the statute language that the legislature did not put in.").
¶ 109. I recognize that, had Moore chosen to have a jury trial in adult court, he could have requested a jury instruction under Wis. Stat. § 972.115 regarding the fact that the entire custodial interrogation was not recorded.[1] If given, such a jury instruction would not, however, find its basis in the juvenile code. Wisconsin. Stat. § 972.115 does provide:
If a statement made by a defendant during a custodial interrogation is admitted into evidence in a trial for a felony before a jury and if an audio or audio and visual recording of the interrogation is not available, upon a request made by the defendant as provided in [§] 972.10(5) and unless the state asserts and the court finds that one of the following conditions applies or that good cause exists for not providing an *419 instruction, the court shall instruct the jury that it is the policy of this state to make an audio or audio and visual recording of a custodial interrogation of a person suspected of committing a felony and that the jury may consider the absence of an audio or audio and visual recording of the interrogation in evaluating the evidence relating to the interrogation and the statement in the case ....
Wis. Stat. § 972.115(2)(a) (emphases added). This statute, unlike Wis. Stat. § 938.31(3)(b), does not distinguish between adult and juvenile defendants. Instead, this statute allows for a jury instruction, under certain circumstances, in a felony prosecution tried before a jury in adult court. This statute plainly provides that Moore's potential remedy for the failure to record his entire custodial interrogation would have been to request a jury instruction, had his case been tried to a jury in adult court. He did not proceed to jury trial. A jury instruction is, thus, of little import in the case at issue.
¶ 110. Why the majority opinion seems to shy away from expressly holding that suppression was not available to Moore is unclear to me. Specifically, the majority opinion states that
if a juvenile's unrecorded statement would be excluded in juvenile delinquency proceedings but is admissible in adult court, the state will often have the power to overcome the consequences of an improper failure to record custodial interrogation by charging the juvenile with a specific felony or by seeking to waive the juvenile into adult court.
Majority op., ¶ 88. This proposition is too cavalier for me. Waiver of a juvenile into adult court is not such an automatic result. Moreover, a prosecutor and a court should be highly suspect if waiver is being sought to *420 avoid suppression of an unrecorded statement. In many instances, the State will not have the option of charging a juvenile with a crime that may be prosecuted in adult court. See Wis. Stat. § 938.18 (authorizing certain juvenile offenses to be waived into adult court if certain conditions are met); Wis. Stat. § 938.183(1) (listing juvenile offenses over which adult courts have "exclusive original jurisdiction"). "The decision to waive juvenile court jurisdiction under Wis. Stat. § 938.18 is committed to the sound discretion of the juvenile court." In re Tyler T., 2012 WI 52 ¶ 24, 341 Wis. 2d 1, 814 N.W.2d 192 (citations omitted). I do not agree that law enforcement would flout the statutory recording mandate, thinking either that the prosecutor will "cover" for their disregard of the recording requirement by prosecuting a juvenile in adult court or that a juvenile court would waive a juvenile into adult court to avoid suppression under § 938.31(3)(b). In fact, recordings are the suggested practice under Wis. Stat. §§ 968.073(2) and 938.195(2) in either court.
¶ 111. Importantly, law enforcement officers already possess sufficient incentive to record an entire custodial interrogation of a juvenile because the officers do not know whether the case will proceed in adult or juvenile court. In fact, the vast majority of juvenile cases proceed in juvenile court, not adult court. Most officers would not risk suppression and would recognize that unrecorded statements of a juvenile could be suppressed under Wis. Stat. § 938.31(3)(b) in a juvenile delinquency proceeding. Thus, we need not fear that officers will be cavalier with respect to their statutory duty to record a custodial interrogation of a juvenile, given the fact that at the time of the recording, officers will not have any assurance that the case will be tried anywhere but juvenile court.
*421 ¶ 112. Also, the majority opinion states that it avoids a "direct confrontation with another branch of government" by declining to determine whether the suppression remedy under Wis. Stat. § 938.31(3)(b) applies in adult court. Majority op., ¶ 91. The majority opinion reflects that "[p]ermitting the use of unrecorded juvenile statements in major felony cases is plainly inconsistent with the court's decision in [In re Jerrell C.J., 2005 WI 105, 283 Wis. 2d 145, 699 N.W.2d 110]." Majority op., ¶ 89. In Jerrell C.J., the court held that a written confession made by a juvenile during a custodial interrogation was inadmissible as evidence in that juvenile court proceeding. Jerrell C.J., 283 Wis. 2d 145, ¶¶ 3, 36. The court went further to require recording of a juvenile's statements during a custodial interrogation and did so pursuant to its "supervisory authority." Id., ¶¶ 47, 49, 58. Subsequently, the legislature created § 938.31(3)(b), presumably to implement the holding from Jerrell C.J. Majority op., ¶¶ 68-69. In the present case, a separation-of-powers issue is not before the court, and the majority opinion should not decline to resolve whether suppression under § 938.31(3)(b) applies in adult court because the legislature has spoken. I would not use our supervisory authority to now create additional relief, and I believe that the legislation's plain language deserves its due.
¶ 113. Further, I conclude that the circuit court did not err by denying Moore's suppression motion. The majority opinion undertakes an analysis as if the circuit court erred in denying Moore's suppression motion. Specifically, it states that, "[a]ssuming, arguendo, that Moore's unrecorded statements should have been suppressed by the court, we turn to whether any error was harmless." Majority op., ¶ 92. It goes on to *422 hold that "any possible error made by the circuit court in denying suppression of Moore's unrecorded statements" was harmless. Majority op., ¶ 100. Because the circuit court did not err, I would not assume for the sake of argument that the circuit court erred.
¶ 114. The circuit court denied Moore's suppression motion on the grounds that suppression under Wis. Stat. § 938.31(3)(b) was unavailable to Moore because he was being tried in adult court. The circuit court reasoned that Wis. Stat. ch. 938 "deals with juveniles in delinquency proceedings." Wisconsin Stat. ch. 972, the circuit court explained, "deals with defendants in adult proceedings. Not adult defendants. Defendants." Thus, the circuit court held that, "if I find that there was [not a] refusal, that [sic] what would happen is the statement would be admissible, but there would be a — an instruction that would be given explaining the ramifications of that."
¶ 115. In sum, the circuit court correctly denied Moore's suppression motion on the grounds that, because Moore was tried in adult court, suppression under Wis. Stat. § 938.3l(3)(b) was not available to him. Because the circuit court did not err by denying the suppression motion, there is no need to undertake a harmless error analysis.
¶ 116. For the foregoing reasons, I respectfully concur.
¶ 117. I am authorized to state that Chief Justice PATIENCE DRAKE ROGGENSACK joins this concurrence.

 I do not mean to suggest that a jury instruction is always required.